THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| KEITH EMMANUEL; RICHARD HOMCHICK; and CHARLES PETERS, as individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>KING COUNTY, a municipal corporation and responsible entity of the KING COUNTY SHERIFF'S OFFICE and the KING COUNTY PROSECUTING ATTORNEY'S OFFICE; CITY OF BELLEVUE, a municipal corporation and responsible entity of the BELLEVUE POLICE DEPARTMENT; JOHN URQUHART, individually and in his official capacity as King County Sheriff; DANIEL SATTERBERG, individually and in his official capacity as King County Prosecutor; STEVEN MYLETT, individually and in his official capacity as Bellevue Police Chief; and JOHN DOES 1-10,<br><br>Defendants. | ) | No. 2:18-cv-00377<br><br>KING COUNTY-RELATED DEFENDANTS' RULE 12(b) MOTION TO DISMISS AND STAY<br><br>NOTED ON CALENDAR FOR:<br>*May 11, 2018* |

## I. IDENTITY OF PARTY AND RELIEF REQUESTED

King County, the King County Sheriff's Office, the King County Prosecuting Attorney's Office, former Sheriff John Urquhart, and Prosecutor Dan Satterberg ("King County-related

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430 Fax (206) 296-8819

defendants") respectfully ask the court to dismiss plaintiffs' case. Plaintiffs Keith Emmanuel and Charles Peters are actively litigating criminal charges for Promoting Prostitution before the King County Superior Court, including a motion to dismiss that relies upon the same facts as the amended complaint. *See* Hackett Decl., Ex. 1 (Peters Motion to Dismiss), Ex. 2 (Emmanuel Motion).[1] The Hon. John H. Chun recently issued an order denying the Emmanuel and Peters' motion. *Id.* Ex. 3 (Peters Order), Ex. 4 (Emmanuel Order). The remaining plaintiff, Richard Homchick, pled guilty to Promoting Prostitution and lost his appeal. *Id.* Exs. 5-6. Emmanuel and Peters' efforts to raise issues in a federal civil suit that are already before the state court in an ongoing criminal proceeding are plainly barred by the *Younger* abstention doctrine,[2] while Homchick's effort to cast doubt on his state criminal conviction through a federal civil suit is contrary to *Heck v. Humphrey*.[3] For these reasons, the federal damages lawsuit filed by Emmanuel and Peters should be stayed, while Homchick's federal claims should be dismissed.

## II. ISSUES

A. Under *Heck v.* Humphrey, when a person has been convicted of a felony in state court, does a federal district court have jurisdiction to adjudicate a damages lawsuit that implicitly calls the state court conviction into question? No.

---

[1] In deciding a motion to dismiss, the court may "take judicial notice of court filings and other matters of public record," especially when the state court pleadings reflect prior litigation involving the same party, without converting a Fed. R. Civ. P. 12(b)(6) motion to dismiss into a summary judgment. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). *See also Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (judicial notice of state court proceeding); *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (court may take judicial notice of matters of public record that are not subject to reasonable dispute). The state court filings referenced in this facts section are attached to a declaration merely for purposes of establishing authenticity.

[2] *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).

[3] *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430 Fax (206) 296-8819

B. Under *Younger* abstention, when a person is involved in an ongoing criminal proceeding in the state court, must a federal district court abstain from considering a damages lawsuit that would interfere with the state court proceeding? Yes.

## III. FACTS

The gravamen of plaintiffs' first amended complaint ("FAC") is a defamation action against the King County-related defendants for statements made during a press conference following plaintiffs' arrests for Promoting Prostitution in the Second Degree. *See* Dkt. 10 (FAC). Based on these statements and the acceptance of a grant to help support reduction in demand for prostitution activities, plaintiffs allege violations of 42 U.S.C. §1983, and state law causes of action related to defamation and false-light invasion of privacy.

The FAC acknowledges that plaintiffs were charged with counts of Promoting Prostitution in the Second Degree, which is a felony under Washington law. RCW 9A.88.080(1)(b). The complaint specifically references the "charging papers" at paragraphs 31-32. Dkt. 10 at 7-8. Detailed charging papers were filed against plaintiffs Richard Homchick, Charles Peters, and Keith Emmanuel.[4] *See* Hackett Decl., Exs. 7-9.

In summary, the charging papers allege that plaintiffs were members of "The League" (sometimes called the LOEG),[5] which fancied itself as a group of "hobbyists" focused on patronizing and promoting the use of prostituted persons in the Seattle area.[6] *See Id.*, Ex. 7 (Cert.

---

[4] The charging papers are summarized and cited not for the truth of the facts contained in the certifications for probable cause, but to demonstrate the nature of the allegations before the King County Superior Court in the criminal cases, including the factual allegations that support the charges.

[5] The League or LOEG is apparently short-hand for the "League of Extraordinary Gentlemen," a 2003 movie starring Sean Connery.

[6] The general factual allegations in the Certifications for probable cause overlap substantially in all of plaintiffs' criminal cases. *Compare* Hackett Decl., Ex. 7 *with* Ex. 8 *and* Ex. 9.

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430 Fax (206) 296-8819

at 3). According to the certification, the individual prostituted persons are "controlled by an 'agency,'" which provides "apartments, advertising, customers and condoms." *Id.* (Cert. at 1). "The prostituted people are typically foreign nationals who are trafficked from major city to major city so that there are always new workers and new 'experiences' for the agencies to advertise in order to meet the ever-growing online demand for commercial sex." *Id.* Many of the prostitutes were Korean nationals who were brought to the Seattle area. *Id.* at 3, 4.

An important method for promoting and facilitating these local prostitution activities is a website called TheReviewBoard.net, or "TRB." *Id.* The TRB review site "allows buyers of sex to share information about how to access specific prostituted persons and to review their sexual encounters with the prostituted people." *Id.* at 2. Similar to lawful e-commerce websites like Amazon, Ebay, VRBO and Yelp, positive reviews drive up business for the "prostituted persons who are reviewed." *Id.* (Cert. at 2).

Further, by posting on the TRB website, "the reviewer's standing in the TRB community" is elevated, "which increases the poster's access to other prostituted persons." *Id.* at 2. As the certification points out, "[g]aining notoriety in this fashion allows a TRB member to bypass [the] screening process" for access to prostituted persons, and "increases the ability of the poster to act as a reference for others and thus facilitate acts of prostitution." *Id.* This "rigid screening process is an effort to thwart law enforcement investigation of the [prostitution] agencies." *Id.* at 1.

A select group of TRB users "was recruited to participate in an exclusive group called 'The League.'" *Id.* at 3. In order to further promote the use of prostitutes, members of The League operated two additional websites, www.theloeg.net (internal) and www.kgirlsdelights.com (public). The websites featured "reviews" of various prostitutes,

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430 Fax (206) 296-8819

including their skills, special attributes, and availability. *Id.* (Cert. at 3). Members of The League would also host meetings in public locations like pubs and restaurants, where they would discuss a variety of prostitution-related topics, including efforts by law enforcement to infiltrate their operations. *Id.*

An undercover officer, KCSO Detective Hillman, was able to infiltrate The League. *Id.* (Cert at 4). Following activities on TRB, Det. Hillman was "invited by Charles PETERS AKA PETERRABBIT to attend a 'meet and greet'" and then "to participate in the League on line discussions, web sites and meet and greets." *Id.* As detailed in the Certification for Probable Cause, Det. Hillman became familiar with the prostitution-related activities of all three plaintiffs, including Peters, Homchick (known as SPIDERRICO), and Emmanuel (known as HUSKY). *Id.* (Cert. at 4 - 10).

On January 5, 2016, plaintiffs and several others were arrested and charged with Promoting Prostitution in the Second Degree. Dkt. 10 (FAC at 7). The information alleges that plaintiffs "did knowingly advance the prostitution of one or more identified individuals" in violation of RCW 9A.88.080(1)(b). Hackett Decl., Exs. 7-9 (Inform. at 2); Dkt. 10 (FAC at 7). In each case, the state court found "that probable cause exists to believe that the above-named defendant committed an offense or offenses charge in the information herein based upon the police agency certification/affidavit of probable cause." Hackett Decl., Exs. 10-12.

On January 7, 2016, former Sheriff Urquhart and Prosecutor Satterberg spoke at a news conference alerting the public to the arrests. Dkt. 10 (FAC at 8- 12). The FAC quotes heavily from the news conference. Among other things, the FAC takes issue with referring to the prostitution of Korean nationals as "human trafficking." *Id.* Despite the heavy quotations from the press conference, none of the quoted portions in the FAC specifically refer to any of the

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430 Fax (206) 296-8819

plaintiffs in this case. *Id.* Indeed, the transcript of the press conference *nowhere mentions any of the three plaintiffs by name*.[7] *See* Hackett Decl., ex. 13.

**Plaintiff/Criminal Defendant Homchick.** Although charged under the same information, each plaintiffs' case proceeded separately before the King County Superior Court. On February 12, 2016, plaintiff/criminal defendant Homchick pled guilty to one count of Promoting Prostitution in the Second Degree. Hackett Decl. Ex. 6 (Statement of Offender on Plea of Guilty). In his plea, Homchick admitted that:

> I, Richard Homchick, did knowingly advance the profession of prostitution through my internet activities on websites such as: thereviewboard.net, kgirldelights.com and through my email activities. These acts occurred in King County, WA from Oct. 2013 – Jan. 2016.

*Id.* at 13-14. After an unsuccessful attempt to withdraw his guilty plea, on November 4, 2016, the Superior Court sentenced Homchick to zero days in custody, 120 hours of community service, and standard assessments. Hackett Decl., Ex. 14 (Judgment and Sentence). A mandate issued on June 13, 2017, included a dismissal Homchick's appeal for lack of legal merit. *Id.*, Ex. 6 (Mandate).

**Plaintiff/Criminal Defendant Peters.** Peters has not pled guilty and is continuing to litigate his criminal charges. He has, however, admitted his guilt in a pleading filed by his attorney:

> Over the last few years, Mr. Peters sometimes was a customer who sought out and paid for the services of sex workers. As part of the screening process, customers had to write

[7] The court may consider the transcript of the press conference, which was submitted by plaintiff Peters in his criminal case, without converting this motion to dismiss into a motion for summary judgement. Under the Ninth Circuit's "incorporation by reference" rule, the court may consider "documents that were referenced extensively in the complaint and were accepted by all parties as authentic" without converting a Fed. R. Civ. P. 12(c) motion into a motion for summary judgment. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430 Fax (206) 296-8819

> reviews of the sex workers he hired. Because of this, Mr. Peters wrote reviews and posted them on websites such as TRB.
>
> He later became a member of a private group of customers called the LOEG. . . . [Peters] "drafted a code of conduct, requiring respectful treatment of these sex workers, and asked every member of the LOEG to abide by its terms.

Hackett Decl., ex. 15 (Defendant's Motion for Bill of Particulars at 2). Under an amended information, he faces eleven counts of Promoting Prostitution in the Second Degree. Hackett Decl., ex. 16.

On January 9, 2018, Peters filed Defendant's Motion to Disqualify the King County Prosecuting Attorney's Office and Dismiss the Criminal Complaint ("Criminal Motion"). Hackett Decl., ex. 1. The allegations in the FAC and the Criminal Motion substantially overlap. For example, paragraph 17 of the FAC is merely a close re-write of pages 3-4 of the Criminal Motion. The "King County Partners with Demand Abolition" section of the complaint (¶¶ 18-29), contains highly similar substantive facts to the "Application Process and Grant Award" portion of the Criminal Motion (pp. 5-7). Both the amended complaint and the motion complain about the "publicity component" of the grant. *Compare* Amended Complaint ¶¶ 27-29, *with* Criminal Motion pp. 7-9.

As with plaintiffs' FAC, the central thesis of the Criminal Motion is a violation of defendants' rights arising out of "the financial arrangement between KCPAO and Demand Abolition, an out-of-state special interest group, and the conflict of interest resulting from the relationship." Hackett Decl., ex. 1 at 1. The Criminal Motion avers that the King County Prosecutor has an actual conflict of interest, and the prosecutor violated the rules of professional conduct by publicizing the arrests. *See Id.* at 2 (and accompanying argument section). Like the FAC, the Criminal Motion complains that "the State . . . has made false or misleading statements

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430 Fax (206) 296-8819

regarding trafficking thereby making a fair trial less likely." *Id.* at 29-30. The transcript of the January 7, 2016 press conference, and many (if not all) of the various articles cited in the FAC were presented with the Criminal Motion.

A hearing was held before King County Superior Court Judge John Chun on March 19, 2018 – less than a week after plaintiffs' initiated this action. Decl. of Hackett, ex. 17 (Clerk's minutes). The State opposed the defense motion. *Id.*, ex. 18 (Brief in Opposition).

On April 9, 2018, Judge Chun issued a decision denying plaintiff Peters' to disqualify the prosecutor and dismiss the criminal case. Hackett Decl., Ex. 3 at 2 (Order). In a detailed written order, the court held that:

> At its heart, the Motion [to Dismiss] simply concerns whether there exists a conflict of interest warranting disqualification of the KCPAO in this matter and whether the case should be dismissed. As discussed below, disqualification is unwarranted. Mr. Peters has submitted insufficient evidence of an actual conflict that has materially limited either Mr. Richey's or the KCPAO's ability to act without improper motivation. Further disqualification for an alleged violation of the Rules of Professional Conduct regarding improper publicity is also not warranted. No Washington authority supports such a position. Finally, dismissal is not appropriate. The defense has not offered evidence of actual proof that would prevent Mr. Peters from receiving a fair trial.

*Id.* at p. 2. The court reached these holdings even though "[t]here has been media coverage surrounding the TRB case, and some coverage may have discussed issues of trafficking along with TRB. *Id.* at p. 18.

**Plaintiff/Criminal Defendant Emmanuel.** Under a Third Amended Information, Emmanuel faces six counts of Promoting Prostitution in the Second Degree. Hackett Decl., Ex. 19. He joined in Peters' criminal motion to dismiss. *Id.*, Ex. 2. On April 9, 2018, Judge Chun denied Emmanuel's motion to dismiss for the same reasons set out in the Peters' Order. *Id.*, Ex. 4

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430 Fax (206) 296-8819

## IV. LEGAL ARGUMENT

### A. STANDARD OF REVIEW

A Plaintiff must allege sufficient facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Although allegations in the complaint must be accepted as true and construed in the light most favorable to the non-moving party, complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the elements of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Dichter–Mad Family Partners. LLP v. United States*, 709 F.3d 749, 761 (9th Cir.2013). The Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Wilson v. Hewlett–Packard Co*., 668 F.3d 1136, 1145 n. 4 (9th Cir.2012); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001).

### B. HOMCHICK'S CLAIMS MUST BE DISMISSED UNDER *HECK V. HUMPHREY*

Plaintiff Homchick's claims are barred by *Heck v. Humphrey,* 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), because they imply the invalidity of his conviction for Promoting Prosecution in the Second Degree. A civil rights complaint under § 1983 cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. Under *Heck*, "[w]hen a plaintiff who has been convicted of a crime under state law seeks damages in a § 1983 suit, 'the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence.' If the answer is yes, the suit is

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430 Fax (206) 296-8819

barred." *Hooper v. Cty. of San Diego*, 629 F.3d 1127, 1130 (9th Cir. 2011) (quoting *Heck*, 512 U.S. at 487). The *Heck* case, where triggered, bars both monetary and equitable relief. *Wilkinson v. Dotson*, 544 U.S. 74, 81–82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005).

Here, the allegations raised by plaintiff call the validity of his criminal proceedings into question. As a group, plaintiffs do not disguise that the fundamental purpose of their lawsuit is to negatively impact and chill efforts to prosecute their criminal cases. Out of the gate, plaintiffs disclose that "[t]his action seeks redress for King County and the City of Bellevue's false and malicious campaign against Plaintiffs, wrongly imputing that Plaintiffs' were engaged in human trafficking, sex slavery, and other crimes." Dkt. 10 at 4. They claim that King County "has misused the criminal justice process for ulterior purposes and betrayed principles of fundamental fairness." *Id.*

A number of the allegations go directly to undermining plaintiffs' criminal prosecutions. For example, plaintiffs allege that King County "has acted with apparent conflicted interests and under external influences, seeking out private monies, with strings attached, to cover budget shortfalls." Dkt. 10 at 2, 18-19. This alleged conflict has caused "Defendants [to place] personal and private third-party interests over Plaintiffs rights." *Id.* Plaintiffs allege that the prosecutors "Submitt[ed] a False Affidavit in Court." Dkt. 10 at 17. Further, Plaintiffs' complain that "the Prosecutor's Office . . . threatened to add sexual motivations enhancements to the charges made against Plaintiffs (among others) which would require them to register as sex offenders if convicted." Dkt. 10 at 17.

Plaintiffs' first cause of action, "Abuse of Process" under 42 U.S.C. §1983, claims that "Defendant King County and its agents misused the criminal justice process for ulterior purposes to accomplish an object not within the proper scope of process and not proper in the regular

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430 Fax (206) 296-8819

prosecution of the proceedings." Dkt. 10 at 20. They claim that King County "acted with willful, wanton, and reckless disregard of and deliberate indifference to Plaintiffs' constitutional rights." *Id.* Such a cause of action, consistent with the allegations in the complaint and the remaining causes of action, directly and necessarily impugns the validity of plaintiffs' criminal proceedings and any resulting convictions.

Although the allegations common to plaintiffs are sufficient to trigger application of *Heck* to Homchick, the complaint specifically challenges the validity of Homchick's plea and conviction: "The enhancement threat, along with the misleading public statements linking the arrestees to human trafficking and other uncharged crimes, was coercive and did, in fact, coerce a guilty plea from plaintiff Richard Homchick (among other arrestees)." *Id.* Because the key allegations in the complaint imply the invalidity of plaintiff Homchick's conviction, his case must be dismissed under *Heck. See Guerrero v. Gates*, 442 F.3d 697, 705 (9th Cir. 2006) (*Heck* barred plaintiff's claims of wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges against him); *Rogers v. Wooldridge*, 255 Fed. Appx. 862, 863 (5th Cir. 2007) (Under *Heck*, claim that guilty plea was involuntary bars §1983 action); *Moses v. Weirich*, 2016 WL 755649, at *1 (W.D. Tenn. Feb. 25, 2016) (Plaintiff's claim "that her guilty plea to the charges in state court was obtained by threats, coercion and duress" barred "under both *Younger* and *Heck*.").

## C. THE CLAIMS RAISED BY PETERS AND EMMANUEL ARE BARRED UNDER THE *YOUNGER* ABSTENTION DOCTRINE

The *Younger* abstention doctrine articulates a "national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." *Younger v. Harris*, 401 U.S. 37, 41, 91 S. Ct. 746, 749, 27 L. Ed. 2d 669 (1971). It is "a jurisprudential

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430 Fax (206) 296-8819

doctrine rooted in overlapping principles of equity, comity, and federalism." S*an Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1091 (9th Cir. 2008). Although *Younger* abstention has some application to civil cases, it primarily stands for the principle that "a federal court may not interfere with a pending state criminal prosecution absent extraordinary circumstances." *Logan v. U.S. Bank Nat. Ass'n*, 722 F.3d 1163, 1167 (9th Cir. 2013). Here, plaintiffs' efforts to bring a federal civil lawsuit in the face of an ongoing state-court, *criminal* proceeding strikes at the heart of the federal comity concerns reflected in the *Younger* abstention doctrine. *See Gilbertson v. Albright*, 381 F.3d 965, 975 (9th Cir. 2004) ("federal courts should almost never enjoin state criminal proceedings").

The Ninth Circuit applies a four part test to determine application of *Younger* abstention:

> We must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves.

*San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). Under these factors, *Younger* abstention applies.

First, plaintiffs Peters and Emmanuel are currently being prosecuted in the King County Superior Court for Promoting Prostitution. This prosecution was "ongoing" when plaintiffs initiated their federal action.

Second, the state court proceedings are felony prosecutions that implicate important state interests. Washington has a strong interest in enforcing its criminal laws.

Third, plaintiffs Peters and Emmanuel have a full opportunity to raise their complaints in their criminal cases. Indeed, both have already filed a motion to dismiss, which raises the

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430 Fax (206) 296-8819

substance of their current federal action. Although the Superior Court denied plaintiffs' motion to dismiss, they will have a full opportunity to appeal following a final judgment.

Finally, federal adjudication of plaintiffs' claims would interfere with the pending state court criminal cases. In both actions, plaintiffs rely on the same factual allegations to support an alleged violation of their federal rights. On the state level they want dismissal of criminal charges, while damages are the goal before this court. As noted in *Gilbertson*, the practical effects of seeking damages are no different than if plaintiffs had sought to enjoin their state-court, criminal proceedings: "We conclude that *Younger* principles apply to actions at law [i.e. actions for damages] as well as for injunctive or declaratory relief because a determination that the federal plaintiff's constitutional rights have been violated would have the same practical effect as a declaration or injunction on pending state proceedings." 381 F.3d at 968. Thus, because plaintiffs' federal action would require this court to rule on the constitutionality of defendant's actions in investigating and prosecuting plaintiff's criminal cases, the fourth *Younger* abstention criteria is satisfied.

A decision to abstain from adjudication of plaintiffs' claims is necessary because all four *Younger* abstention factors are satisfied. Because plaintiffs are seeking damages for their claimed §1983 violations, it is appropriate for this court to stay plaintiffs' federal action until the state court proceeding are done. *Gilbertson v. Albright,* 381 F.3d 965, 968 (9th Cir. 2004) (en banc).

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430 Fax (206) 296-8819

## V. CONCLUSION

For the foregoing reasons, the court should dismiss Homchick's case and stay Emmanuel and Peter's case.

DATED this 19th day of April, 2018.

DANIEL T. SATTERBERG
King County Prosecuting Attorney

By: *s/ David J. Hackett*
DAVID J. HACKETT, WSBA #21236
Senior Deputy Prosecuting Attorney

By: */s/ Richard L. Anderson*
RICHARD L. ANDERSON, WSBA #25115
Senior Deputy Prosecuting Attorney

King County Prosecuting Attorney's Office
500 Fourth Avenue
King County Administration Building, Suite 900
Seattle, WA 98104
Telephone: (206) 296-8820 / Fax: (206) 296-8819
Attorneys for King County Related Defendants

Email: david.hackett@kingcounty.gov
richard.anderson@kingcounty.gov

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430 Fax (206) 296-8819

**DECLARATION OF FILING AND SERVICE**

I hereby certify that on April 19, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Hozaifa Y. Cassubhai, WSBA No. 39512
500 Union Street, Suite 800
Seattle, Washington 98101
Phone: 206-899-1996
Fax: 973-232-0887
Email: hcassubhai@spiroharrison.com

Geoffrey M. Grindland, WSBA No. 35798
BrettT. MacIntyre, WSBA No. 46572
Mills Meyers Swartling P.S.
1000 2nd Avenue, 30th Floor
Seattle, WA 98104
Phone: 206-382-1000
Fax: 206-386-7343
Email: ggrindeland@millsmeyers.com
bmacintyre@millsmeyers.com

Cheryl A. Zakrzewski, WSBA No. 15906
City of Bellevue
450 110th Avenue NE
Bellevue, WA 98004
Phone: 425-452-6829
Fax: 425-452-7256
Email: czakrzewski@bellevuewa.gov

I declare under penalty of perjury under the laws of the United States and the State of Washington that the foregoing is true and correct.

DATED this 19th day of April, 2018.

*s/ Kris Bridgman*
Kris Bridgman, Paralegal
King County Prosecuting Attorney's Office

KING COUNTY-RELATED DEFENDANTS' RULE 12(b) MOTION TO DISMISS AND STAY (2:18-cv-00377) - 15

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430 Fax (206) 296-8819