UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEITH EMMANUEL, et al.,<br><br>　　　　　　　　Plaintiffs,<br>　　v.<br><br>KING COUNTY, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. C18-0377JLR<br><br>ORDER STAYING REMAINDER OF CASE |

On July 6, 2018, the court granted in part and denied in part Defendants King County, King County Prosecuting Attorney Daniel Satterberg, and former King County Sheriff John Urquhart's (collectively, "King County Defendants") motion to dismiss and stay.[1] (*Id.* at 19-20.) Specifically, the court denied the motion to dismiss Plaintiff Richard Homchick's federal claims as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994),

---

[1] Defendants City of Bellevue and Bellevue Police Chief Steven Mylett (collectively, "Bellevue Defendants") joined the motion. (7/6/18 Order (Dkt. # 25) at 1.) The court refers to all defendants collectively as "Defendants."

ORDER - 1

but granted the motion to stay Plaintiff Keith Emmanuel's and Plaintiff Charles Peters's federal constitutional claims pending their state criminal proceedings.[2] (*Id.* at 19.) Because the motion did not address resolution of Mr. Emmanuel's and Mr. Peters's state law claims, the court ordered the parties to provide their input on that issue. (*Id.* at 18-20.) The parties' joint proposal is now before the court. (*See* Prop. (Dkt. # 26).)

The parties propose that the court stay the entire case until October 15, 2018. (*Id.* at 2.) They explain that Mr. Emmanuel and Mr. Peters's criminal trial is set to begin in King County Superior Court on September 17, 2018, and they anticipate the trial will last three weeks.[3] (*Id.*) They also state that even if the state criminal proceedings have not concluded by October 15, 2018—because of a trial continuance or appeal, for example—they will "be in a better position [at that time] to evaluate whether and to what extent any further stay is warranted." (*Id.*) In addition, the parties contend that a stay will protect Mr. Emmanuel's and Mr. Peters's Fifth Amendment rights and promote the efficient resolution of the case. (*Id.* at 3.)

The court agrees, and stays the entire case until October 15, 2018. In a civil case implicating a parallel criminal proceeding, "a court may decide in its discretion to stay civil proceedings [in] the interests of justice." *Keating v. Office of Thrift Supervision*, 45

---

[2] The court refers to all of the plaintiffs collectively as "Plaintiffs."

[3] The court's order called only for the parties to address the propriety of a stay of the state law claims by Mr. Emmanuel and Mr. Peters (*see* 7/6/18 Order at 19-20), and accordingly, the parties address only facts related to those plaintiffs (*see* Prop. at 2-3). But the court infers that the parties also propose staying the case against Mr. Homchick because they request "that this entire civil action be stayed." (*Id.* at 2.) If the parties meant otherwise, however, they may move to lift the stay as to Mr. Homchick. *See infra* at 4.

F.3d 322, 324 (9th Cir. 1995) (internal quotation marks omitted) (quoting *Sec. & Exch. Comm'n v. Dresser Indus.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980)). The court should generally consider to what extent the civil proceeding implicates Fifth Amendment rights, as well as:

> (1) the interest of the plaintiffs in proceeding expeditiously with th[e] litigation . . . , and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Id.* at 325. A stay would protect Mr. Emmanuel's and Mr. Peters's Fifth Amendment right against self-incrimination, promote judicial efficiency, and unburden the parties from litigating two proceedings at once. In addition, a stay would not prejudice Defendants or affect the interests of the public or non-parties. Thus, the factors support staying the entire case pending the outcome of the state criminal proceedings.[4]

The court STAYS the case until October 15, 2018, at which time the parties must file a joint status report ("JSR") informing the court of the status of the state criminal proceedings and providing a proposal for further proceedings in this matter. However, if a significant development occurs before then, the court ORDERS the parties to file a JSR

//

//

---

[4] Although Mr. Homchick is no longer involved in a parallel criminal proceeding (*see* 7/6/18 Order at 3), the court concludes that a stay of his claims would promote judicial economy and would not prejudice him or the public, *see Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

advising the court of the development within five (5) days of the event. At any time, any party may move to lift the stay should circumstances warrant such a motion.

Dated this 24th day of July, 2018.

*[signature]*

JAMES L. ROBART
United States District Judge