1

2                                                                     Honorable James L. Robart

3

4

5

6

7
                          UNITED STATES DISTRICT COURT
8                         WESTERN DISTRICT OF WASHINGTON

9    RICHARD HOMCHICK, an individual,              )
                                                   )
10                        Plaintiff,               )   No. 2:18-cv-00377-JLR
                                                   )
11        v.                                       )   STIPULATED PROTECTIVE ORDER
                                                   )
12   KING COUNTY, a municipal corporation and      )
     responsible entity of the KING COUNTY         )
13   SHERIFF'S OFFICE and the KING COUNTY          )
     PROSECUTING ATTORNEY'S OFFICE; CITY           )
14   OF BELLEVUE, a municipal corporation and      )
     responsible entity of the BELLEVUE POLICE     )
15   DEPARTMENT; JOHN URQUHART,                     )
     individually and in his official capacity as King )
16   County Sheriff; DANIEL SATTERBERG,            )
     individually and in his official capacity as King )
17   County Prosecutor; STEVEN MYLETT,             )
     individually and in his official capacity as Bellevue )
18   Police Chief; and JOHN DOES 1-10,             )
                                                   )
19                        Defendants               )
                                                   )
     ─────────────────────────────────────────

20        Pursuant to FRCP 26(c), the parties to this action, by and through their respective counsel,

21   hereby stipulate to the entry of this Protective Order Concerning Confidential Information

22   ("Protective Order"), as follows:

23

STIPULATED PROTECTIVE ORDER - 1

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1    1.  This Protective Order shall apply to all documents, materials, and information designated

2  as "CONFIDENTIAL" pursuant to the terms of this Protective Order, unless the

3  "CONFIDENTIAL" designation has been withdrawn by the designating party or by Order of the

4  Court, including without limitation, documents produced, answers to interrogatories, responses

5  to requests for admission, deposition testimony, and other information disclosed pursuant to the

6  disclosure or discovery duties created by the Civil Rules.

7    2. As used in this Protective Order, "document" is defined as provided in FRCP 34(a)(1)(A).

8  A draft or non-identical copy is a separate document within the meaning of this term.

9    3. "CONFIDENTIAL" information covered under the terms of this Protective Order shall

10  include the following documents, materials, and/or information produced or otherwise exchanged

11  by Richard Homchick, ("Plaintiff"), and by Defendants King County, King County Sheriff's

12  Office, King County Prosecuting Attorney's Office, John Urquhart, and Daniel Satterberg,

13  ("Defendants") and/or any of Plaintiff's or Defendants' agents or representatives, when designated

14  as "CONFIDENTIAL:"

15    (a) Protected Health Information ("PHI") as defined by the Health Insurance Portability and

16  Accountability Act ("HIPAA"); medical information, such as medical records, medical treatment,

17  medical diagnoses, and drug recommendations or prescriptions; medical billing information; and

18  investigations and statements to the extent they include the same;

19    (b) the financial status of Plaintiff and/or Defendants, including but not limited to any non-

20  public financial information such as tax records, profit and loss statements, accounting documents,

21  reports, or assessments; business and contractual relationships; financial contracts; and

22  investigations and statements related to the same, excluding any such documents already in the

23  public domain;

STIPULATED PROTECTIVE ORDER - 2

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1   (c) Contracts and other business documents subject to reasonable confidentiality or non-

2   disclosure agreements; leases; and any other document that the parties stipulate is a confidential

3   business document;

4   (d) Information or documents obtained from third parties falling into the foregoing categories;

5   and

6   (e) Confidential employment or personnel information involving employees or former

7   employees of Defendant, including but not limited to information regarding such individuals'

8   hiring, job performance, discipline, termination of employment, or compensation or benefits.

9   4. The protections conferred by this agreement cover not only CONFIDENTIAL information

10   (as defined above), but also (1) any information copied or extracted from confidential information;

11   (2) all copies, excerpts, summaries, or compilations of confidential information; and (3) any

12   testimony, conversations, or presentations by parties or their counsel that might reveal confidential

13   information. However, the protections conferred by this agreement do not cover information that

14   is in the public domain or becomes part of the public domain through trial or otherwise.

15   5. CONFIDENTIAL information shall not be disclosed or used for any purpose except the

16   prosecution, defense, preparation and trial of this case, including attempts to settle this litigation

17   and any appeals.

18   6. CONFIDENTIAL information shall not, without the consent of the party producing it or

19   further order of the Court, be disclosed, except that such information may be disclosed to:

20   (a) attorneys of record for the parties;

21   (b) persons regularly employed by or associated with the attorneys actively working on the

22   case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other

23   proceedings in this case;

STIPULATED PROTECTIVE ORDER - 3

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430  Fax (206) 296-8819

1      (c) the parties and their designated representatives including insurance adjusters;

2      (d) expert witnesses and consultants retained in connection with this proceeding, to the extent

3   reasonably necessary for this litigation;

4      (e) the Court and its employees ("Court Personnel");

5      (f) court reporters, videographers, and their staff employed in connection with the above-

6   captioned suit and any appeals therefrom;

7      (g) deponents, witnesses, or potential witnesses (and their counsel, if any);

8      (h) copy or imaging services retained by counsel to assist in the duplication of confidential

9   information, provided that counsel for the party retaining the copy or imaging service instructs the

10  service not to disclose any confidential information to third parties and to immediately return all

11  originals and copies of any confidential information;

12     (i) the author or recipient of a document containing the information or a custodian or other

13  person who otherwise possessed or knew the information;

14     (j) mediators or other persons engaged in alternative dispute resolution; and

15     (k) other persons by written agreement of the parties or order of the Court.

16     7. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner

17  that will not interfere with their legibility) or otherwise designating as CONFIDENTIAL in a clear

18  and conspicuous manner the following or other appropriate notice: "CONFIDENTIAL."

19  Disclosure or discovery material that qualifies for protection under this agreement must be clearly

20  so designated before or when the material is disclosed or produced.  An inadvertent failure to

21  designate qualified material as "confidential" does not, standing alone, waive the designating

22  party's right to secure protection under this Order for such materials so long as the documents have

23

STIPULATED PROTECTIVE ORDER - 4

**Daniel T. Satterberg,** Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1    not previously been filed with the Court and are so designated by no later than the date established

2    by the Court for the cutoff of discovery.

3        The designating party must designate for protection only those parts of material, documents,

4    items, or oral or written communications that qualify, so that other portions of the material,

5    documents, items, or communications for which protection is not warranted are not swept

6    unjustifiably within the ambit of this agreement.  If it comes to a designating party's attention that

7    information or items that it designated for protection do not qualify for protection, the designating

8    party must promptly notify all other parties that it is withdrawing the mistaken designation.  The

9    designation of CONFIDENTIAL may be withheld or withdrawn at any time by agreement of all

10   parties at the request or initiative of any party.

11       8. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the

12   portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of

13   this Protective Order.   Such designation shall be made on the record during the deposition

14   whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after

15   transcription, provided written notice of the designation is promptly given to all counsel of record

16   within thirty (30) days after receipt of the deposition transcript.

17       9. Any party may challenge a designation of confidentiality at any time. Unless a prompt

18   challenge to a designating party's confidentiality designation is necessary to avoid foreseeable,

19   substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the

20   litigation, a party does not waive its right to challenge a confidentiality designation by electing not

21   to mount a challenge promptly after the original designation is disclosed.  A party that elects to

22   initiate a challenge to a party's confidentiality designation must do so in good faith and must begin

23   the process by written notice to the party designating the disputed information.  The written notice

STIPULATED PROTECTIVE ORDER - 5

**Daniel T. Satterberg,** Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1  shall identify the information to which the objection is made and explain the basis for its belief

2  that the confidentiality designation was not proper and must give the designating party an

3  opportunity to review the designated material, to reconsider the circumstances, and, if no change

4  in designation is offered, to explain the basis for the chosen designation.  If the parties cannot

5  resolve the dispute within ten (10) business days after the time the notice is received, either party

6  may then seek judicial intervention regarding the confidentiality of a document.

7      10. Before filing confidential material or discussing or referencing such material in court

8  filings, the filing party shall confer with the designating party to determine whether the designating

9  party will remove the confidential designation, whether the document can be redacted, or whether

10  a motion to seal or stipulation and proposed order is warranted.

11      11. With respect to CONFIDENTIAL documents or information to be used at trial, the Court

12  ordinarily will treat trial exhibits and testimony as a matter of public record.  The parties, however,

13  shall meet and confer before the Pretrial Conference to attempt to reach an agreement about the

14  confidentiality of information to be used at trial and a method for maintaining the confidentiality

15  of such information.  At the Pretrial Conference, the parties may present, by motion or stipulation,

16  a proposed method for maintaining confidentiality.  Nothing in this paragraph, however, shall be

17  construed as constraining the Court's authority to treat trial exhibits and testimony as matters of

18  public record.

19      12. Due to the large volume of electronic and hard copy data in the possession, custody, or

20  control of the parties and the numerous concerns regarding attorney-client privilege and work

21  product protection, the Court enters this "Clawback" Provision to expedite and facilitate the

22  production of electronic and hard copy data, information and documents, and to protect against

23  inadvertent disclosure of attorney-client privileged communications or work product materials.

STIPULATED PROTECTIVE ORDER - 6

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1   The inadvertent disclosure or production of any information or document that is subject to an

2   objection on the basis of attorney-client privilege or work-product protection, including but not

3   limited to information or documents that may be considered Confidential Information under this

4   Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature

5   of that party or the privilege holder from designating the information or document as attorney-

6   client privileged or subject to the work product doctrine at a later date.  Any party receiving such

7   a request as to specific information or documents, the receiving party shall return the information

8   or documents to the producing party within five (5) business day, regardless of whether the

9   receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of

10  the information or document by the other party prior to such later designation shall not be deemed

11  a violation of the provisions of this Order.  This Order and Clawback Provision shall be governed

12  by Evidence Rule 502 (d) and is entered pursuant to Civil Rule 26(c).

13      13. When a producing party gives notice to receiving parties that certain inadvertently

14  produced material is subject to a claim of privilege or other protection, the obligations of the

15  receiving parties are those set forth in Civil Rule 26(b)(6).  This provision is not intended to modify

16  whatever procedure may be established in an e-discovery order or agreement that provides for

17  production without prior privilege review.  Parties shall confer on an appropriate non-waiver order

18  under Evidence Rule 502.

19      14. Nothing in this Protective Order shall be construed to constitute a waiver of any party's

20  right to oppose discovery on any ground, or to object on any ground to the admission into evidence

21  of any document, testimony, or other information at the trial of this action.

22

23

STIPULATED PROTECTIVE ORDER - 7

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

15. Nothing in this Protective Order shall be construed to constitute a waiver of any party's right to withhold documents and/or information under the attorney-client privilege, the work product doctrine or any other privilege or protection recognized under Washington law.

16. Nothing in this Protective Order shall be construed to constitute a waiver of any party's right to obtain documents and information as otherwise protected by law.

17. Within sixty (60) days of the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with a written notice confirming the destruction. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, discovery, and/or correspondence even if such materials contain CONFIDENTIAL information.  Any such archival copies that contain or constitute CONFIDENTIAL information remain subject to this Protective Order.

18. Nothing in this Protective Order shall be deemed to preclude a CONFIDENTIAL designation despite the fact material has been de-identified by removing any and all of the elements as described in the Privacy Rule of the Health Insurance Portability and Accountability Act. This Order is intended to comply with the requirements of 45 C.F.R. §164.512(e) related to disclosure of protected health information for judicial and administrative proceedings.

19. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

20. This Protective Order may be modified by the Court at any time following notice to all parties and an opportunity for them to be heard.

STIPULATED PROTECTIVE ORDER - 8

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2
     DATED this 22nd day of July, 2019.
3

4    *s/ David J. Hackett*
     David J. Hackett, WSBA #21236
5    Attorney for King County Defendants

6    *s/ Amy E. Montgomery*
     Amy E. Montgomery, WSBA #32068
7    Attorney for King County Defendants

8    *s/ Hozaifa Y. Cassubhai*
     Hozaifa Y. Cassubhai, WSBA #39512
9    Attorney for Plaintiff

10
                              **ORDER**
11

12         The Court having reviewed the foregoing stipulation of the parties, and being duly

13   advised, hereby orders pursuant to FRCP 26(c) that the parties' disclosure and exchange of

     Confidential Information, as defined herein, shall be governed by the terms of this Order, and
14
     this Order is hereby approved and entered by the Court.

15

16   Dated this ___24___ day of ___July_____ 2019.

17

18                                    _____
                                      THE HONORABLE JAMES L. ROBART
19

     Presented by:
20

21   DANIEL T. SATTERBERG

22   King County Prosecuting Attorney

23   By: */s/ David J. Hackett*
     DAVID J. HACKETT, WSBA #21236
     Senior Deputy Prosecuting Attorney


STIPULATED PROTECTIVE ORDER - 9

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1  By: /s/ Amy E. Montgomery
   AMY E. MONTGOMERY, WSBA #32068
2  Senior Deputy Prosecuting Attorney

3  Attorney for King County Defendants
   King County Prosecuting Attorney
4  500 Fourth Avenue, Suite 900
   Seattle, WA 98104
5  Phone: (206) 296-8820 / Fax: (206) 296-8819
   Email: david.hackett@kingcounty.gov
6  Email: amy.montgomery@kingcounty.gov

7
   Approved as to Form and For Entry;
8
   BAILEY DUQUETTE, P.C.
9
   By: /s/ Hozaifa Y. Cassubhai
10 Hozaifa Y. Cassubhai, WSBA #39512
   Attorneys for Plaintiff
11 500 Union Street, Suite 800
   Seattle, WA  98101
12 Phone: 206-617-7029 / Fax: 866-233-5869
   hozaifa@baileyduquette.com
13

14

15

16

17

18

19

20

21

22

23

STIPULATED PROTECTIVE ORDER - 10

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have

read in its entirety and understand the Stipulated Protective Order that was issued by the United

States District Court for the Western District of Washington on _____ in the

case of *Richard Homchick v. King County, et al.*, No. 2:18-cv-00377-JLR.  I agree to comply

with and to be bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in the

nature of contempt. I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the

United States District Court for the Western District of Washington for the purpose of enforcing

the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER - 11

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819